# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 01-CR-44-TCK |
|  | ) |  |
| BILLY JOE LAVERTY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 51).

## I.  Background

On September 16, 2001, the Court sentenced Defendant to a 58-month term of imprisonment and a 36-month term of supervised release. On August 25, 2008, Defendant was released and began his term of supervised release. On April 14, 2009, Defendant was charged in state court with attempting to manufacture methamphetamine ("state charges"). On May 5, 2009, while the state charges were pending, this Court revoked Defendant's term of supervised release and set a sentencing hearing. On May 28, 2009, this Court sentenced Defendant to five months imprisonment and thirty-one months supervised release for violating the terms of his supervised release. Because the Court did not order otherwise, this custodial sentence was intended to run consecutively to any sentence imposed on the state charges. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times

run consecutively unless the court orders that the terms are to run concurrently.").[1] As to when the period of supervised release began, the Judgment states:

> Upon release from imprisonment, the defendant shall be on supervised release for a term of: thirty one (31) months. The defendant must report to the probation office in the district to which the defendant is released within 72 hours from the custody of the Bureau of Prisons.

(Doc. 29.)

On September 4, 2009, Defendant was released from federal prison into the custody of the Oklahoma Department of Corrections. After pleading guilty to the state charges, Defendant was sentenced to seven years imprisonment on January 21, 2010. Approximately four years later, on January 31, 2014, Defendant was released from state custody. Defendant was continually in state or federal custody from at least May 28, 2009 until January 31, 2014 serving consecutive terms of imprisonment for two separate convictions.

On November 12, 2014, this Court issued an Order on Supervised Release based upon Defendant's violations of his terms of supervised release, including failing to report to his probation officer since October 5, 2014. On December 24, 2014, Defendant made his initial appearance and was released on bond awaiting his revocation sentencing and sentencing. On January 2, 2015, Defendant absconded from 12&12, Inc., and the Court issued another Order on Supervised Release and warrant for Defendant's arrest on January 7, 2015. The Court struck the revocation hearing set forth the following day.

---

[1] The Court's Judgment does not state that the sentence would run concurrently to any sentence imposed on the state charges.

**II.     Motion to Dismiss**

On January 7, 2015, Defendant's counsel filed the currently pending motion to dismiss. Defendant argues that this Court lacks jurisdiction over Defendant because his term of supervised release has expired. Specifically, Defendant contends that "since his last federal imprisonment of 5-months was not made concurrent with the state imprisonment mentioned above, and since the Judgment merely mentions his imprisonment of 5-months with the federal Bureau of Prisons, then his supervised release started at the end of those 5-months. . . ." (Mot. to Dismiss 4.) Defendant apparently contends that his thirty-one month term of supervised release commenced upon his release from federal to state custody, ran simultaneously to his term of imprisonment on the state charges, and ended sometime in 2012 while Defendant was imprisoned on the state charges.

The relevant statute provides:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. *A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.*

18 U.S.C. § 3624(e) (emphasis added). Under the statute, Defendant could not have served any portion of his 31-month term of supervised release during his imprisonment on the state charges. In other words, even though he was "released" from the federal Bureau of Prisons on September 4, 2009, his term of supervised release did not commence or run while he was "imprisoned in connection with" his conviction on the state charges. *Id.*; *cf. United States*

3

*v. Garcia*, 640 F.3d 129, 132-34 (5th Cir. 2011) (concluding that term of supervised release commenced upon the defendant's release from imprisonment into the custody of the Immigrations and Customs Enforcement ("ICE") because "administrative detention by ICE does not qualify as imprisonment and . . . [the defendant] was 'released from imprisonment' the moment he was transferred from BOP custody to ICE custody to await deportation") (contrasting cases where the defendant is actually "imprisoned" in connection with a separate criminal conviction, which tolls the term of supervised release).

### III. Conclusion

Defendant's Motion to Dismiss (Doc. 51) is DENIED.

**SO ORDERED this 2nd day of February, 2015.**

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**